UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONY L. SHAW,<br><br>Defendant. | Case No. 4:19-cr-00026-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Tony L. Shaw's Motion for Early Release (Dkt. 62). The Court has not ordered the Government to file a Response. The Court will deny the Motion for the reasons set forth below.

# BACKGROUND

On February 25, 2020, Mr. Shaw entered a plea of guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On March 3, 2021, the Court sentenced him to a term of imprisonment of 24 months to be followed by three years of supervised release. Mr. Shaw is currently incarcerated at FDC SeaTac with a projected release date of December 6, 2022.

**MEMORANDUM DECISION AND ORDER - 1**

On July 25, 2022, Mr. Shaw filed the pending Motion for Early Release Based on Hard Time Credit. He alleges that he has spent over 300 days in hard time lockdown due to COVID-19 and requests credit towards his sentence for that time. He provides no further information and no authority for the Court to grant his request. Nor does he allege any constitutional violations.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). This is so because "a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may only be modified by the court in the circumstances enumerated in 18 U.S.C. § 3582(c)[1]. *Id*. at 824.

---

[1] 18 U.S.C. § 3582(c) provides: The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(Continued)

Furthermore, only the Bureau of Prisons may grant credit for time served. *See United States v. Peters*, 470 F.3d 907, 908 (9th Cir. 2006) (per curiam).

## DISCUSSION

Mr. Shaw's motion must fail for two reasons. First, the Court does not have authority to grant credit to a sentence it imposes. Second, he has not specifically sought relief under any of the provisions of § 3582(c). Even if the Court were to liberally construe his motion as one for compassionate release under § 3582(c)(1)(A)(i) on the grounds that hard time lockdown constitutes an

---

 (i) extraordinary and compelling reasons warrant such a reduction; or

 (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

 and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

 (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

 (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**MEMORANDUM DECISION AND ORDER - 3**

extraordinary and compelling reason for release, it would fail.

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility, whichever is earlier." *Id*. Mr. Shaw has not alleged that he has exhausted his administrative remedies. If he intends to seek release under this provision, he must first comply with the exhaustion requirement.

If Mr. Shaw were intending to challenge the manner or method of his confinement, he must do so by filing a petition pursuant to 28 U.S.C. § 2241 in the district in which he is confined after first exhausting his administrative remedies. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Motions similar to Mr. Shaw's have been routinely denied for the reasons stated above. *See, e.g., United States v. Santos-Trujillo*, No. 19-CR-4333-LAB, 2022 WL 2959572 (S.D. Cal. July 26, 2022); *United States v. Valencia*, No. 1:16-CR-00200-JLT-SKO, 2022 WL 2704253 (E.D. Cal. July 12, 2022); and *United States v. Montana-Equihau*, No. 20-CR-3528-DMS-1, 2021 WL 5087135 (S.D. Cal. Nov. 2, 2021) (citing numerous cases with orders denying hardship credits

**MEMORANDUM DECISION AND ORDER - 4**

issued during the COVID-19 pandemic). There is simply no basis for granting Mr. Shaw's request for hard time credit and release.

## ORDER

**IT IS ORDERED that** Defendant Tony L. Shaw's Motion for Early Release. (Dkt. 62) is **DENIED**.

DATED: October 4, 2022

B. Lynn Winmill
United States District Judge